**UNITED STATES BANKRUPTCY COURT**

DISTRICT OF SOUTH DAKOTA

ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
PIERRE, SOUTH DAKOTA 57501-2463

IRVIN N. HOYT                                                                      TELEPHONE (605) 224-0560
BANKRUPTCY JUDGE                                                                       FAX (605) 224-9020

June 19, 2006

John H. Mairose, Esq.
Counsel for Trustee Dennis C. Whetzal
2640 Jackson Blvd., #3
Rapid City, South Dakota  57702

    Subject:  *In re Daniel R. Gukeisen*,
                  Chapter 7, Bankr. No. 04-50103

Dear Mr. Mairose:

    The matter before the Court is Trustee Dennis C. Whetzal's Motion to Approve Settlement and Compromise and the two supplements thereto requested by the Court. This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 9014 and 7052. As set forth below, the proposed settlement will not be approved.

    *Summary*. Daniel R. Gukeisen ("Debtor") filed a Chapter 7 petition in bankruptcy on March 8, 2004. He did not schedule any real property, and he scheduled limited personal property. Debtor also did not list any transfers of property within a year of the filing of his petition on his Statement of Financial Affairs. Dennis C. Whetzal was appointed the case trustee.

    On June 3, 2005, the bankruptcy estate employed Attorney John H. Mairose to assist and represent the estate on possible litigation involving an avoidable transfer of land located in Aurora County, South Dakota. On August 11, 2005, Trustee Whetzal, through Attorney Mairose, commenced an adversary proceeding against Debtor and Timothy Losch, Adversary Proceeding 05-5014. Trustee Whetzal alleged Debtor owned 160 acres of land in Aurora County, South Dakota, but transferred it to Defendant Timothy Losch on May 3, 2002, for no consideration. Trustee Whetzal thus sought to have the transfer avoided as constructively fraudulent under 11 U.S.C. § 548(a)(1) or § 544(b). In the complaint, Trustee Whetzal estimated the value of the property at $111,750.

    By motion filed March 31, 2006, Trustee Whetzal proposed to settle the adversary complaint for $25,000, to be paid by Debtor, with the present title holders retaining the real property. In the

In re Guikeisen
June 19, 2006
Page 2

motion, Trustee Whetzal stated:

> In his opinion, the attorney for the Chapter 7 Trustee has determined that the defenses available to the Defendants, the existence of certain liens against the real estate at issue in the adversary, the costs of litigation and the costs of liquidation should the estate recover an interest in said real estate, outweigh any potential benefit that might be realized by creditors entitled to payment from the funds available to the bankruptcy estate in such proceeding. In his opinion, the attorney for the Trustee has further determined that the expenses incurred in such a proceeding without a guaranteed outcome would be both burdensome and unnecessary and settlement on the above terms is recommended.

No objections to the proposed settlement were timely filed. By letter dated May 9, 2006, the Court asked Attorney Mairose to supplement the record to identify and value any encumbrances on the subject land. Attorney Mairose stated in his response:

> [I have] determined, through investigation and discovery, that the real estate that is the subject of the adversary proceeding for the recovery of a fraudulent conveyance, is valued at approximately $112,000.00 to $117,000.00 and is subject to a mortgage lien in favor of Farmer's State Bank as of the date of the bankruptcy in the approximate amount of $56,257.00. Counsel has further determined that there exists disputed and contingent federal tax liens against a prior owner of the real estate in the amount of $56,255.86, not including interest and penalty from the date of the bankruptcy filing, as well as sufficient evidence of an equitable interest in the real estate in favor of the Defendant, Daniel R. Gukeisen's father, Gilbert Gukeisen in an amount potentially equal to 100% of the value of the subject real estate.

The response generated the following additional concerns for the Court, which the Court communicated to Attorney Mairose by letter dated May 17, 2006:

> How and when will the lien dispute with the I.R.S. be resolved? Have these liens been recorded against the subject Aurora County land? If so, when? [Your brief

In re Guikeisen
June 19, 2006
Page 3

> in the adversary indicated the I.R.S. had liens only in Clay County on the petition date, not Aurora County where the subject land is located.]
>
> Further, since the stated mortgage and I.R.S. liens nearly, if not completely, equal the stated value of the property, why is Debtor willing to pay the estate $25,000?  How is he able to pay such a large lump sum settlement?
>
> The supplement also raised questions regarding the lien claimed by Gilbert Gukeisen.  Debtor's answers to interrogatories indicate Gilbert Gukeisen may hold a judgment lien from September 25, 2002.  In contrast, in your summary judgment brief, you stated an "ownership and encumbrance" report on May 26, 2004, indicated no tax liens or judgments on the subject property. Has a formal title opinion been obtained?  If Gilbert Gukeisen's lien is a judgment lien, when and where was it recorded?  If this lien is equitable in nature, from what did it arise and when?  How does it have a higher priority than the estate's interest in the property?

The Court requested a second supplement.  The Court also referred Attorney Mairose to *In re Kristi L. Theunissen*, Bankr. No. 04-10322, slip op. (Bankr. D.S.D. May 25, 2005), a recent decision that addressed the question of claimed "equitable only" interests in real property, which Debtor apparently claims exist in this case.

In the second supplement, Attorney Mairose advised the Court the Internal Revenue Service had placed liens on Debtor's brother's real property in Clay County, South Dakota, but had not placed a lien on the Aurora County land, which the brother also owned at the time the Clay County lien was imposed.  Thus, Attorney Mairose described the Internal Revenue Service's claim as a contingent liability on the Aurora County land, even though no tax liens against Michael Gukeisen had been recorded under state law after the land was transferred to Debtor on December 13, 2000.  Attorney Mairose acknowledged the possibility of an Internal Revenue Service tax lien claim on the Aurora County land was remote.

Attorney Mairose also reported Gilbert Gukeisen did not have a recorded judgment lien on the Aurora County land on Debtor's petition date, because Debtor had transferred the subject land to

In re Guikeisen
June 19, 2006
Page 4


Defendant Michael Losch before the judgment was entered.  Attorney Mairose stated the judgment attached as a lien after the bankruptcy when Losch apparently reconveyed the land to Debtor.  Attorney Mairose acknowledged this transfer could be avoided in a subsequent adversary proceeding, so the settlement only avoided the costs and delays attendant to this additional adversary proceeding.

As to any equitable claim by Gilbert Gukeisen, Attorney Mairose stated that even if the bankruptcy estate prevailed in litigation based on the *Theunissen* decision, the estate's interest in the real property would be reduced by a life estate held by Gilbert.  This could result in no recovery for the estate.

Given all of the above, Attorney Mairose calculated the land was worth approximately $117,000; it had a valid mortgage against it of $56,257; and the potential recovery to the estate upon successful litigation was $60,743.  Based on the costs and risks of litigation, he argued the proposed settlement was reasonable.

*Applicable law*.  Case trustees and debtors in possession are permitted to compromise claims so the estate may avoid the cost and burdens of litigating sharply contested and dubious claims. *Martin v. Cox (In re Martin)*, 212 B.R. 316, 319 (B.A.P. 8th Cir. 1997).  Once he is satisfied with the settlement, the trustee or debtor in possession is required to obtain court approval of it after notice to all creditors and other parties in interest.  Fed.Rs.Bankr.P. 2002(a)(3) and 9019(a).

Whether a settlement should be approved is a question of fairness and equity, and it requires a determination of whether the settlement is in the best interests of the bankruptcy estate. *Martin*, 212 B.R. 316, 319; *ReGen Capital III, Inc. v Official Committee of Unsecured Creditors (In re Trism, Inc.)*, 282 B.R. 662, 668 (B.A.P. 8th Cir. 2002).  The Court does not substitute its judgment for that of the trustee.  *Martin*, 212 B.R. at 319.  Instead, the factors to consider include:

> (1) the probability of success in the litigation;
>
> (2) the difficulties, if any, to be encountered in collection;
>
> (3) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending litigation; and

In re Guikeisen
June 19, 2006
Page 5

>   (4) the paramount interest of creditors and a proper deference to their reasonable views in the premises.

*PW Enterprises, Inc. v. Kaler (In re Racing Services, Inc.)*, 332 B.R. 581, 586 (B.A.P. 8th Cir. 2005)(citing *Drexel Burnham Lambert, Inc. v. Flight Transportation Corp. (In re Flight Transportation Corp. Securities Litigation)*, 730 F.2d 1128, 1135 (8th Cir. 1984)(citing *Drexel v. Loomis*, 35 F.2d 800, 806 (8th Cir. 1929))).

>   [I]t is not necessary for a bankruptcy court to conclusively determine claims subject to a compromise, nor must the court have all of the information necessary to resolve the factual dispute, for by doing so, there would be no need of settlement. [Cite omitted.] Neither must the court find that the settlement constitutes the best result obtainable. Rather, the court need only canvass the issues to determine that the settlement does not fall "'below the lowest point of reasonableness.'"

*Martin,* 212 B.R. at 319 (quoting *In re Apex Oil Co.*, 92 B.R. 847, 867 (Bankr. E.D. Mo. 1988)(quoting *Consoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2nd Cir. 1983))). "Compromise is an art, not a science." *Nangle v. Surratt-States (In re Nangle)*, 288 B.R. 213, 220 (B.A.P. 8th Cir. 2003). Though the Court must give deference to *reasoned* opinions of creditors when a proposed settlement is considered, *Trism, Inc.*, 282 B.R. at 667-68 (emphasis added), as long the settlement falls within a range of reasonable compromises, it may be approved. *Nangle,* 288 B.R. at 220. Finally,

>   regardless of the language used in the settlement agreement, the trustee is always bound by a duty to creditors and the estate to collect the assets of the debtor, reduce them to money, and close the estate a quickly a possible, as set forth in section 704 of the Bankruptcy.

*Id.* at 219.

   *Discussion*.  The proposed settlement of this fraudulent conveyance action, based on the present record, falls below the lowest point of reasonableness. When the four factors found in *Kaler,* 332 B.R. at 586, are considered, approval of this settlement is not indicated.

In re Guikeisen
June 19, 2006
Page 6


First, the present record does not establish Trustee Whetzal's adversary complaint has a low probability of success through litigation. On similar, though not identical facts, there is sufficient precedent on this issue in this District. *See In re Kristi L. Theunissen*, Bankr. No. 04-10322, slip op. (Bankr. D.S.D. May 25, 2005); *see also Trustee John S. Lovald v. Walter Heien, et. al (In re Herbert L. and Marie A. Hoffman)*, Bankr. No. 05-40950, Adv. No. 05-4076 (Bankr. D.S.D. May 15, 2006).

Second, there should be no difficulty in collecting any avoided transfer. The land itself is the asset to be recovered, and it is likely only to be increasing in value.

Third, there has been no showing this litigation will be unusually complex or difficult. There are no record encumbrances on the Aurora County property other than a mortgage for $56,257. Neither the Internal Revenue Service nor Gilbert Gukeisen has come forward to protect any interest they may have in the property.[1] Consequently, the record does not support a substantial discount for these apparently extraneous contingencies.

Finally, the present record indicates the trustee may be leaving as much as $35,000 on the table. Though any recovery by unsecured creditors in this case will only be a fraction of their claims, a more reasonable resolution of Adversary No. 05-5014 could double that recovery.

An appropriate order will be entered.

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered
on the date shown above.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

INH:sh

CC:  case file (docket original; serve parties in interest)

---

[1] Gilbert Gukeisen and the United States Attorney were served with the settlement motion and notice.